IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GLEN YOUNG (Reg. No. 20619-424), )
)
    Plaintiff, )
)
       v. ) No. 03 C 4637
)
WARDEN JEROME F. GRABER, et al., ) Judge Gottschall
)
    Defendants. )

DOCKETED
JAN 2 8 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff Glen Young filed this *pro se* civil action alleging that officials at the Federal Metropolitan Correctional Center in Chicago (MCC) were deliberately indifferent to an injury to his big toe. Young alleges that he injured his toe in a fight on September 16, 2002, that his toe was in "grave pain," and that he asked to have X-rays taken. Young states that defendant MCC Warden Jerome F. Graber refused his request, telling him that an X-ray technician visited the MCC every two weeks and he would have to wait. Young continued to complain of pain and was given pain medication, but "never received proper medical attention" before being transferred from the MCC. Young alleges that at a federal prison in Oklahoma his foot was X-rayed, and he was told that the bones were "improperly lined up"; because the problem had gone untreated, the toe would become immobile. Young names as defendants MCC's warden, Jerome F. Graber, and the unknown-named "Head of Medical" at MCC.

The MCC "Head of Medical" has not been identified or served, but Graber has appeared and moved to dismiss the suit under Rule 12 of the Federal Rules of Civil Procedure. Although Young has not responded to the motion, the court will not penalize a pro se litigant for failing to respond to purely legal arguments, but will determine whether the complaint states a claim upon which relief may be granted, taking the allegations of the complaint as true drawing all reasonable inferences in Young's favor. See, e.g., *Dixon v. Page*, 291 F.3d 485, 486 (7th Cir. 2002).

Although Graber raises three grounds for dismissal, the first two are formal defects that may be excused and only the third is substantial. Graber is correct that by using a form intended for state prisoners, Young mistakenly invoked 42 U.S.C. § 1983, which provides for suits only against



state officials. Nevertheless, a plaintiff's mistake as to the basis of the court's jurisdiction is not lack of jurisdiction justifying dismissal under Rule 12(b)(1). As Graber acknowledges, the Supreme Court in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), ruled that 28 U.S.C. § 1331 permits persons deprived of constitutional rights by federal officials to sue them individually directly under the Constitution, so the court treats this suit as a *Bivens* action.

In filling out the form complaint, Young checked a box indicating that he was naming Graber in his official capacity. Graber is correct that sovereign immunity bars a *Bivens* action against a defendant in his official capacity because an official-capacity suit against a federal employee is effectively a suit against the United States. *Bunn v. Conley*, 309 F.3d 1002, 1009 (7th Cir. 2002). Although a literal reading of the complaint would require dismissal for lack of jurisdiction, because Young is proceeding *pro se*, his mistake will not result in dismissal if he can state a claim against Graber in his individual capacity. See *Miller v. Smith*, 220 F.3d 491, 494 (7th Cir. 2000).

We now turn to Graber's substantial argument. The United States Bureau of Prisons (BOP) has established a grievance procedure for inmates, 28 C.F.R. § 542.10 *et seq*. Graber contends that Young's suit must be dismissed because a prisoner is required by 42 U.S.C. § 1997e(a) to exhaust available administrative remedies before filing suit, but Young admits in his complaint that he did not file a grievance while at the MCC.[1]

Although Young did not respond to the motion, he explained in the complaint that he did not file a grievance because "the institution it happened at (MCC) I was transfered from and the end result come later because of their neglect." The court infers from this two possible arguments for timeliness on the facts of the complaint. The first argument is that Young's failure to file a grievance at the MCC should be excused because he only discovered that his toe had healed improperly after he had been transferred to another institution. This argument assumes, first, that either it would have been impossible to file a grievance at another institution complaining of his treatment at MCC or that to do so would have been a meaningless gesture, and, second, that

---

[1] Graber has attached to the motion a declaration by Senior Attorney Advisor M.E. Doucette-Lunstrum stating that a review of MCC's records shows that Young "has not submitted a request for administrative remedy on any issue." As this constitutes evidentiary material outside the complaint, it cannot be considered without converting the motion to one for summary judgment pursuant to Rule 12(c). It is unnecessary to do so, because the court agrees that Young has admitted in the complaint itself that he filed no grievance at MCC.

2

Young could not have filed a grievance until X-rays showed that Young's treatment at MCC had been inadequate.

Whether or not the first assumption is true, the second is untenable. It is clear from the complaint that prior to his transfer Young knew he had been injured, suspected a fracture, and believed he needed more than painkillers. At that point he could have initiated the grievance process. Under the "discovery rule" a tort claim accrues (and the limitations period begins to run) when the plaintiff knows *or reasonably should know* of his injury and the cause of it, not when all of the consequences have become manifest, see *Clark v. City of Braidwood*, 318 F.3d 764, 767 (7th Cir. 2003); by analogy, Young did not have to wait to file a grievance until he had proof to confirm his suspicions.

Nevertheless, given the first assumption -- that Young could not have filed a grievance relating to his treatment at MCC after he had been transferred -- Young has a second argument under the circumstances here. According to BOP regulations, the administrative procedure an inmate must follow does not begin with a written grievance. Rather, the inmate must first seek to resolve the matter informally by presenting the issue to correctional staff. 28 C.F.R. § 542.13. A formal grievance is to be filed within 20 days of the incident giving rise to the grievance, but that period may be extended where "an unusually long period [is] taken for informal resolution attempts." 28 C.F.R. § 542.14.

The MCC is a pretrial detention facility, and detainees are normally transferred shortly following their convictions. The docket in Young's criminal case, *United States v. Young*, 01 CR 923, shows that Young was sentenced by Judge Bucklo of this court on September 12, 2002.[2] Consequently, when Young was injured on September 16, he would have expected to be transferred at any time. It appears from the complaint that Young attempted to resolve his complaint informally, as required. If Young had been transferred before the 20 days for filing a grievance had elapsed, and filing a grievance thereafter would either have been impossible or could have produced no results, his failure to exhaust a procedure that was no longer "available" or a "remedy" should not bar this suit. The complaint does not state when Young was transferred, but

---

[2] In ruling on a motion to dismiss, the court may take judicial notice of public records without converting the motion to one for summary judgment. *Anderson v. Simon*, 217 F.3d 472, 474-75 (7th Cir. 2000).

drawing reasonable inferences in Young's favor, it is likely that he was transferred within 20 days of his injury, 24 days after he was sentenced.[3]

Consequently, whether Young's complaint should be dismissed under 42 U.S.C. § 1997e(a) does not depend upon whether he filed a grievance, but upon whether there was an available administrative remedy for him to exhaust. Warden Graber's motion does not persuade the court that there was. The BOP regulations cited, 28 U.S.C. § 542.10 *et seq.*, do not appear to provide for grievances arising at an institution other than the one where the grievant is confined.[4] Further, even if Young could have filed a grievance after his transfer, the exhaustion requirement applies only if following the grievance procedure could have resulted in *some* remedial action, although not necessarily the relief Young would have wanted. See *Booth v. Churner*, 532 U.S. 731, 736 n.4 (2001).

Exhaustion of administrative remedies under § 1997e(a) is an affirmative defense, *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999), and a plaintiff need not negate affirmative defenses in his complaint. *Clark*, 318 F.3d at 767. Although a prisoner-plaintiff's admission that he did not file a grievance usually pleads him out of court, it does not do so under the circumstances of this case. The motion to dismiss is accordingly denied, without prejudice to defendants' renewing the motion if they can establish that Young had an available administrative remedy after his transfer that he nevertheless failed to exhaust.

IT IS SO ORDERED.

DATED: 11/22/04

Joan B. Gottschall, Judge
United States District Court

---

[3] Ms. Doucette-Lunstrum's declaration states that Young left the MCC October 3, 2002, within the 20-day period, but it suffices that transfer within 20 days is consistent with the allegations of the complaint.

[4] Compare regulations of the Illinois Department of Corrections providing that grievances (other than personal property matters) arising at an institution where the prisoner is no longer confined are to be submitted to the Administrative Review Board, rather than the grievance officer at the prisoner's present institution. 20 Ill. Admin. Code § 504.870(a)(3),(4).

4